SUMMARY ORDER

Yu Shu Chen, a native and citizen of the People’s Republic of China, seeks review of a February 5, 2008 order of the BIA denying her motion to reopen her deportation proceedings. In re Yu Shu Chen, No. A73 562 604 (B.I.A. Feb. 5, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Nonetheless, because “agency fact-finders have a particular duty to consider relevant evidence of country conditions when a petitioner bases a motion to reopen on a purported change in those conditions,” where such consideration has been given, we review the BIA’s fact-finding for “substantial evidence.” Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially “changed circumstances arising in the country of nationality.” Id. § 1003.2(c)(3)(h). Here, the BIA did not abuse its discretion in denying Chen’s motion to reopen as untimely where it was filed more than nine years after the BIA’s decision dismissing her appeal from the immigration judge’s denial of relief. See id. § 1003.2(c)(2).
We find that substantial evidence supports the BIA’s conclusion that Chen failed to establish materially “changed circumstances arising in the country of nationality.” [1] See id. Before this Court, *78 Chen argues that the publishing of the Seventh Circuit’s decision in Lian v. Ashcroft, 379 F.3d 457 (7th Cir.2004), constitutes materially changed circumstances excusing the untimely filing of her motion. Although Chen did not make that argument before the BIA, even assuming it was properly exhausted, it clearly fails. The issuance of a decision by a court in the United States is plainly not a changed country condition in China.
Chen further argues that the BIA abused its discretion in declining to take administrative notice of the evidence discussed in Lian. Chen, however, did not submit that evidence with her motion, but rather quoted from the Lian opinion and requested that the Board take notice of the evidence discussed therein. See Motion to Reopen at 6. Chen cites no support for the proposition that the BIA abuses its discretion when it declines to consider evidence that was present in the record of a different case.[2] It was Chen’s burden to present evidence to support her motion, see 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1), and simply citing to a case in which another petitioner did, in fact, present such evidence is not sufficient to carry that burden. Finally, we will not remand for the agency to consider extra-record evidence. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 270 (2d Cir.2007) (“The existence of evidence that was not in the record before the BIA (and therefore was not examined by the BIA) does not present a sufficiently compelling situation to warrant the exercise of inherent power to order the taking of additional evidence.”).[3]
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. In her brief before this Court, Chen explicitly waives any argument that her deportation proceedings should be reopened because her counsel before the IJ was ineffective or be *78 cause the evidence addressed by this Court in Shou Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006), establishes changed country conditions in China.

. Chen argues that the Board could have taken judicial notice of the documents referred to in Lian pursuant to 8 C.F.R. § 1003.1(d)(3)(iv), which permits the Board to take "administrative notice of commonly known facts such as current events or the contents of official documents,” insofar as the Federal Reporter, in which the Lian decision is published, is an "official document.” Petitioner's Br. at 10. To the extent such an argument has any merit, respondent correctly notes that the Lian documents themselves were not published in the Federal Reporter, and are only described in general terms in the Lian opinion. See 379 F.3d at 461-62.

. Although Chen asserts that the BIA erred in failing to address whether she was part of a particular social group of individuals repatriated to China after illegally departing, the BIA's finding that Chen failed to establish changed country conditions was dispositive of her motion. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c).